# RESCRIPT OPINIONS.

COMMONWEALTH *vs.* TERRY DAVIS (and fourteen companion cases[1]). March 29, 1990. *Eavesdropping. Search and Seizure*, Electronic surveillance.

The defendants moved to suppress evidence that the police had acquired as a result of the use of a hidden transmitting device, carried by an informant who had consented to carry it. A Superior Court judge had authorized search warrants permitting the use of the recording device.

Another Superior Court judge ruled in April, 1987, that any defect in the issuance of the search warrants was irrelevant because, under G. L. c. 272, § 99 B 4 (1988 ed.), the consensual recording was not an "interception" and thus no search warrant was needed. The authorization by the informant to record and transmit the communications, coupled with the fact that the recording and transmitting occurred "in the course of an investigation of a designated offense as defined" in § 99 B 4, meant that the secret hearing and recording of conversations by the police was not an "interception."

In the month following the judge's decision, this court decided *Commonwealth* v. *Blood*, 400 Mass. 61, 65-77 (1987), which held that the one-party consent provision in G. L. c. 272, § 99 B 4, violated art. 14 of the Massachusetts Declaration of Rights as to the transmission and tape recording of conversations in a private home. Here, some but not all of the recorded conversations took place in a private residence. Others occurred in circumstances in which the defendants may have had no expectation of privacy entitled to protection. The defendants moved for reconsideration of their motion to suppress.

The judge reconsidered his previous ruling and allowed the motion to suppress. He determined that the procedures for obtaining a warrant under § 99 should be imposed in these circumstances to safeguard rights secured by art. 14. The search warrants had not been sought by a person authorized to do so under § 99 F 1. The judge, therefore, suppressed all communications obtained by electronic surveillance and all evidence acquired as a result of information obtained because of the electronic surveillances. A single justice of this court allowed the Commonwealth to appeal and transferred the appeal to this court.

---

[1]Eleven against Terry Davis, one against Randy Davis, and two against Shondell Mosby.

The judge's ruling was wrong. The statutory procedures of § 99 concerning "interceptions" had no application to this situation because, as the judge initially ruled, under § 99 B 4, there was no "interception." The principles of the *Blood* case, concerning warrantless transmissions and recordings, have no application here because search warrants (assuming them to be valid) authorized the transmissions and recordings. The *Blood* opinion did not "constitutionalize" the safeguards and procedures of § 99. If the search warrants were valid, the transmissions and recordings were lawful and suppression was not required.

We vacate the order allowing the defendants' motion to suppress and remand the case for further proceedings. If there are other aspects of that motion that the defendants now wish to pursue, such as challenges to the validity of the search warrants (an issue not argued here), they may do so.

*So ordered.*

*David B. Mark*, Assistant District Attorney, for the Commonwealth.

*R. Michael Cassidy*, Assistant Attorney General, for the Attorney General, amicus curiae.

*Roxana Marchosky* for Terry Davis.